IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARBBIE M. HODGE,

    Petitioner,                                    No. 2:12-cv-1471 CKD P

    vs.

MATTHEW CATE, et al.,                      <u>ORDER</u>

    Respondents.

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the Governor's October 21, 2011 decision that petitioner was unsuitable for parole, reversing the May 26, 2011 finding by the California Board of Parole Hearings ("Board") that petitioner should be paroled. (Dkt. No. 1 ("Ptn.").) Petitioner has consented to this court's jurisdiction. (Dkt. No. 4.)

        Under Rule 4 of the Rules Governing § 2254 Cases, the court must conduct a preliminary review of § 2254 habeas petitions and dismiss any petition where it plainly appears that petitioner is not entitled to relief in this court. For the reasons set forth below, the court will dismiss the petition for failing to state a federal habeas claim.

        An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the

1

United States. 28 U.S.C. § 2254(a). Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)."[1] It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

I.  Due Process

Petitioner asserts that the Governor's October 2011 decision to deny parole was not supported by "some evidence" in violation of petitioner's constitutional right to due process. Petitioner also argues that psychological tests cited by the Governor as reasons to deny parole were not reliable. This amounts to a second, indirect argument that the Governor lacked "some evidence" to deny parole. (Ptn. at 6.)

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

---

[1] Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not grounds for entitlement to habeas relief. Fry v. Pliler, 551 U.S. 112, 119 (2007).

expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, a state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release will be granted" when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest. Greenholtz, 442 U.S. at 12. See also Allen, 482 U.S. at 376-78.

California's parole scheme gives rise to a liberty interest in parole protected by the federal Due Process Clause. Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002). In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

In Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011), the Supreme Court reviewed two cases in which California prisoners were denied parole – in one case by the Board, and in the other by the Governor after the Board had granted parole. Swarthout, 131 S. Ct. at 860-61. The Supreme Court noted that when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment requires fair procedures, "and federal courts will review the application of those constitutionally required procedures." Id. at 862. The Court concluded that in the parole context, however, "the procedures required are minimal" and that the "Constitution does not require more" than "an opportunity to be heard" and being "provided a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16). The Supreme Court therefore rejected Ninth Circuit decisions that went beyond these minimal procedural requirements and "reviewed the state courts' decisions on the merits and concluded

that they had unreasonably determined the facts in light of the evidence." Swarthout, 131 S. Ct. at 862. In particular, the Supreme Court rejected the application of the "some evidence" standard to parole decisions by the California courts as a component of the federal due process standard. Id. at 862-63.

Here, the record reflects that petitioner was heard at his May 2011 parole hearing and subsequently received a statement of reasons why the Governor decided to reverse the Board's decision and deny parole. (See Dkt. No. 1-1 at 134-143.) Petitioner thus received all the process due him under the Constitution. Swarthout, 131 S. Ct. 862. His due process claim must be dismissed.

II.  Ex Post Facto

Petitioner also claims that the Governor's 2011 reversal of the Board's grant of parole violated the ex post facto clause of the U.S. Constitution. Petitioner was convicted of second degree murder in 1979 and sentenced to a term of 15 years to life in state prison. Article V, section 8(b) of the California Constitution[2], which granted the Governor the power to reverse the Board's grant of parole, was passed in 1988. Petitioner argues that, as applied to him, article V, section 8(b), has effectively prolonged his incarceration by more than seven years, as petitioner would have been released in 2004 but for the Governor's February 2004 reversal of the Board's first finding of parole suitability in 2003. (Ptn. at 1, 30, 44.) He seeks the reinstatement of the Board's decision granting him parole. (Id. at 6.)

Petitioner has attached the January 23, 2012 decision of the Los Angeles County Superior Court, denying his ex post facto claim in a reasoned decision. (Ptn. at 14.) He has also

---

[2] Article V, section 8(b) provides as follows: "No decision of the parole authority of this state with respect to the granting, denial, revocation, or suspension of parole of a person sentenced to an indeterminate term upon conviction of murder shall become effective for a period of 30 days, during which the governor may review the decision subject to procedures provided by statute. The Governor may only affirm, modify, or reverse the decision of the parole authority on the basis of the same factors which the parole authority is required to consider. The Governor shall report to the Legislature each parole decision affirmed, modified, or reversed, stating the pertinent facts and reasons for the action."

attached the March 9, 2012 decision of the California Court of Appeal, Second Appellate District, denying habeas relief for the Governor's decision; and the California Supreme Court's April 25, 2012 summary denial of habeas relief. (Id. at 17-19.)

As to the merits of petitioner's claim that Article V, section 8(b) violates the ex post facto clause, petitioner is advised that he is a member of the class already prosecuting this cause of action in Gilman v. Brown, 2:05-cv-0830 LKK GGH P.[3] In an order dated May 31, 2012, the district court in that action noted: "Claim 9 alleges an ex post facto violation with respect to the Governor's authority to reverse a parole grant, enacted by Proposition 89. . . . As to Claim 9 . . . , the class is defined as 'all California state prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 8, 1988.'" Plaintiffs in Gilman anticipate filing a "motion for summary judgment or preliminary injunction on [the] ex post facto claim challenging Proposition 89." Gilman, Dkt. 424 at 2.

At least one district court has held that a similarly situated petitioner "is not entitled to habeas relief on his ex post facto challenge because he is a member of the class already prosecuting this cause of action in [Gilman]. Petitioner cannot simultaneously prosecute the instant claim here." Gonzales v. Dickinson, No. 2:10-cv-2277 MCE CKD P, Order dated June 19, 2012, Dkt. No. 25 at 2, citing Crawford v. Bell, 599 F.2d 890, 892 (9th Cir. 1979). In light of petitioner's inclusion in the Gilman class, the court will dismiss petitioner's ex post facto claim. See McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (per curiam) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications."). See also Brodheim v. Dinnini, No. 2:05-

---

[3] The relevant Gilman class is defined as "all California state prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008." Gilman, Dkt. No. 340 at 2. Petitioner is a member of this class since he was sentenced in 1979 to a state prison term of 25 years to life. (Ptn. at 1.)

cv-1512 LKK GGH P, 2012 WL 1604110 (E.D. Cal. May 7, 2012) (dismissing, without prejudice to the ruling in Gilman, plaintiff's civil rights challenge to article V, section 8(b) on ex post facto grounds, as claim "fits squarely within the parameters of the Gilman class" and "plaintiff may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action.").

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis is denied as moot, as petitioner has paid the filing fee.

2. The petition (Dkt. No. 1) is summarily dismissed pursuant to Rule 4, without prejudice to the ruling in the Gilman class.

Dated: August 3, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
hodg1471.prop 89 scrn